## EBENEZER SEELY agt. ELISHA O. CROSBY.

An affidavit, made to hold a defendant to bail, should show a good cause of action, and it is not enough to swear to *advice and belief* merely, in relation to the charges which constitute the cause of action; but the affidavit [*231] should go beyond a good cause of *action, and show some reason why the defendant should be held to bail, and on this point *information and belief* merely is not enough.

*September Term,* 1846.

MOTION by defendant on appeal from an order of supreme court commissioner holding defendant to bail, and to set aside the order.

The affidavit upon which the defendant was held to bail by the commissioner read as follows: "State of New-York, county of Orange, ss. Ebenezer Seely, of the town of Chester, in said county, being duly sworn, deposes and says, that he is about to commence a suit, in the supreme court of said state, against Elisha O. Crosby, for criminal conversation with Maria Seely, the wife of this deponent; that the said Elisha O. Crosby has been guilty of criminal conversation with the said Maria Seely, *as this deponent believes and supposes he will be able to establish* by legal proof; that the said Elisha O. Crosby formerly resided at the town of Elmira, in the county of Chemung; that about the month of October, 1844, the said Elisha O. Crosby left the said town of Elmira with the said Maria Seely, and removed to the city of New-York, where, or at Williamsburgh, near said city, the said Elisha O. Crosby has ever since resided with the said Maria Seely in adulterous intercourse, as this deponent is *advised and believes to be true;* that at the time the said Elisha O. Crosby left the said town of Elmira, he was and still is largely in debt, as this deponent

Seely agt. Crosby.

is *informed and believes*, and that he had not at that time, nor has he since had, *as this deponent is informed and believes*, any property which could be reached by execution ; that the said Elisha O. Crosby is wholly irresponsible, in point of property, as deponent is *informed and believes ;* that the said Elisha O. Crosby is an attorney at law, having a very limited practice ; that the said Elisha O. Crosby is now living in the city of New-York or Williamsburgh aforesaid, under such circumstances, as to property and business, that he can, at any moment, remove himself from the jurisdiction of the said supreme court without a sacrifice of any important interest, *as this deponent verily believes ;* and this deponent *verily believes* that if the said Elisha O. Crosby were informed that this deponent was about to commence a suit against him for and on account of the said criminal conversation with the said Maria Seely, he would remove without the jurisdiction of the said supreme court to avoid the service of process therein; and this deponent is apprehensive that, unless he be held to bail, he will so remove without the jurisdiction of the said supreme court before process can be served upon him, or before judgment can be obtained against him." (The foregoing was italicised by the reporter to show the objectionable parts of it.) A *capias ad respondendum* was issued, and an order indorsed *thereon by Nathan Reeve, a supreme court com- [*232] missioner, residing at Newburgh, Orange county, dated February 16, 1846, holding defendant to bail in the sum of $2,500. In May, 1846, the defendant made an affidavit, upon which Reeve, the commissioner, granted an order requiring plaintiff to show cause of action, and why defendant should not be discharged on common bail, or the bail be mitigated. On the day for showing the cause, the plaintiff appeared by attorney, and opposed the discharge of the defendant, or that the bail be mitigated, and after the commissioner had received the statements by affidavits on both sides, he refused to discharge the defendant, or to mitigate the bail, but allowed a stay of proceedings for twenty days, for defendant to serve his papers upon an appeal from his decision and order.

A. BENEDICT, *defendant's counsel and attorney.*
J. H. COLLIER, *plaintiff's counsel.*
WESTCOTT & GIDNEY, *plaintiff's attorneys.*

BRONSON, Chief Justice. The affidavit, on which the defendant was held to bail, neither makes out a cause of action nor shows any special reason for holding the defendant to bail. The plaintiff swears that the defendant has been guilty of criminal conversation with his wife, "*as this deponent believes and supposes* he will be able fully to establish by legal proof;" and again, that defendant is living in adultery with deponent's wife, "*as this deponent is advised and believes* to be true." This is all there is to show a cause of action, and it is not enough; but the affidavit must go beyond a good cause of action, and show some reason why the defendant should be held to bail; and on this branch of the case there is nothing better than *information and belief*, which is not enough.

*Ordered*, that the order which has been made at chambers, to hold the defendant to bail, be vacated, and that the defendant be discharged on filing common bail.